UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY,   )<br>  )<br>Plaintiff,   )<br>  )<br>v.   )<br>  )<br>DIRK KEMPTHORNE, *et al.*,   )<br>  )<br>Defendant.   )<br>_____)  | Civil No. 06-2119 (RCL) |

## ANSWER

Defendants, Dirk Kempthorne, in his official capacity as Secretary of the Interior, and H. Dale Hall, in his official capacity as Director of the United States Fish and Wildlife Service (collectively "Defendants") provide the following Answer to the allegations contained in the Plaintiff's Complaint for Declaratory and Injunctive Relief ("Complaint").

1. The allegations in the first sentence of paragraph 1 constitute characterizations of Plaintiffs' case to which no response is required. The allegations in the second and third sentences of paragraph 1 constitute conclusions of law to which no response is required.

2. The allegations in paragraph 2 constitute conclusions of law to which no response is required.

3-5. Defendants lack sufficient information to admit or deny the allegations contained in paragraphs 3, 4 and 5.

6-7. Defendants admit the allegations in paragraphs 6 and 7.

8-12. The allegations in paragraphs 8 through 12 purport to characterize the Endangered Species Act. This statute speaks for itself and is the best evidence of its content, and no response is required. Defendants deny any allegation contrary to the statute's plain meaning.

13. The allegations in paragraph 13 purport to characterize the Administrative Procedure Act. This statute speaks for itself and is the best evidence of its content, and no response is required. Defendants deny any allegation contrary to the statute's plain meaning.

14. Defendants admit the allegations in paragraph 14.

15. Defendants deny the allegation in sentence 1 of paragraph 15. Defendants admit to the allegation in sentence 2 of paragraph 15. Defendants admit to the allegations in sentences 3-7 of paragraph 15. The allegation in sentence 8 of paragraph 15 characterizes the contents of "Reintroduction of the Mexican Wolf Within Its Historic Range in the Southwestern United States, Final Environmental Impact Statement (November 1996)" (FEIS) which is the best evidence of its content. To the extent that the allegation in sentence 8 of paragraph 15 is inconsistent with the FEIS, the allegation is denied.

16. Defendants admit to the allegations in sentences 1 and 2 of paragraph 16. The allegations in sentences 3-5 of paragraph 16 characterize the contents of the 1982 Mexican Wolf Recovery Plan (Recovery Plan), which is the best evidence of its content. To the extent that the allegations in sentences 3-5 of paragraph 16 is inconsistent with the Recovery Plan, the allegations are denied.

17. Defendants deny the allegation in sentence 1 of paragraph 17. The allegation in sentence 2 of paragraph 17 characterizes the contents of a "stipulation dismissing the lawsuit", which is the best evidence of its content. To the extent that the allegation in sentence 2 of paragraph 17 is inconsistent with the "stipulation dismissing the lawsuit," the allegation is denied. Furthermore, given the vagueness of the allegation in sentence 2 of paragraph 17, Defendants lack sufficient information to either admit or deny the allegation contained in sentence 2 of paragraph 17.

18. The allegation in sentence 1 of paragraph 18 purports to characterize 63 Fed. Reg. 1752 (Jan. 12, 1998). This Federal Register Notice speaks for itself and is the best evidence of its content, and no response is required. Defendants deny any allegation contrary to the Federal Register Notice's plain meaning. The allegation in sentence 2 of paragraph 18 characterizes the contents of "Reintroduction of the Mexican Wolf Within Its Historic Range in the Southwestern United States, Final Environmental Impact Statement (November 1996)" (FEIS) which is the best evidence of its content. To the extent that the allegation in sentence 2 of paragraph 18 is inconsistent with the FEIS, the allegation is denied. The allegations in sentences 3 and 4 of paragraph 18 purports to characterize 50 C.F.R. 17.84(k)(1). This regulation speaks for itself and is the best evidence of its content, and no response is required. Defendants deny any allegation contrary to the regulation's plain meaning.

19. The allegations in paragraph 19 purport to characterize 50 C.F.R. 17.84(k). This regulation speaks for itself and is the best evidence of its content, and no response is required. Defendants deny any allegation contrary to the regulation's plain meaning.

20. The allegations in sentence 1-3 of paragraph 20 purport to characterize 50 C.F.R. 17.84(k). This regulation speaks for itself and is the best evidence of its content, and no response is required. Defendants deny any allegation contrary to the regulation's plain meaning. The allegation in sentence 4 of paragraph 20 characterizes the contents of "Reintroduction of the Mexican Wolf Within Its Historic Range in the Southwestern United States, Final Environmental Impact Statement (November 1996)" (FEIS) which is the best evidence of its content. To the extent that the allegation in sentence 4 of paragraph 20 is inconsistent with the EIS, the allegation is denied.

21. The allegations in paragraph 21 purport to characterize 50 C.F.R. 17.84(k). This

regulation speaks for itself and is the best evidence of its content, and no response is required. Defendants deny any allegation contrary to the regulation's plain meaning.

22. The allegations in paragraph 22 purport to characterize 50 C.F.R. 17.84(k). This regulation speaks for itself and is the best evidence of its content, and no response is required. Defendants deny any allegation contrary to the regulation's plain meaning.

23. The allegations in paragraph 23 purport to characterize 50 C.F.R. 17.84(k). This regulation speaks for itself and is the best evidence of its content, and no response is required. Defendants deny any allegation contrary to the regulation's plain meaning.

24. Defendants admit the allegations in paragraph 24.

25. Defendants admit the allegations in the first sentence of paragraph 25. The allegations in the second sentence of paragraph 25 purport to characterize the "Mexican Wolf Recovery: Three-Year Program Review and Assessment, (June 2001)" (Three-Year Review). This Three-Year Review speaks for itself and is the best evidence of its content, and no response is required. Defendants deny any allegation contrary to the Three-Year Review's plain meaning.

26. The allegations in paragraph 26 purport to characterize the "Mexican Wolf Recovery: Three-Year Program Review and Assessment, (June 2001)" (Three-Year Review). This Three-Year Review speaks for itself and is the best evidence of its content, and no response is required. Defendants deny any allegation contrary to the Three-Year Review's plain meaning.

27. The allegations in paragraph 27 purport to characterize the "Mexican Wolf Recovery: Three-Year Program Review and Assessment (June 2001)" (Three-Year Review). This Three-Year Review speaks for itself and is the best evidence of its content, and no response is required. Defendants deny any allegation contrary to the Three-Year Review's plain meaning.

28. The allegations in paragraph 28 purport to characterize the "Mexican Wolf

Recovery: Three-Year Program Review and Assessment (June 2001)" (Three-Year Review). This Three-Year Review speaks for itself and is the best evidence of its content, and no response is required. Defendants deny any allegation contrary to the Three-Year Review's plain meaning.

29. Defendant's admit the to the allegation in sentence 1 of paragraph 29. Defendants lack sufficient information to admit or deny the allegations contained in sentence 2 of paragraph 29. The allegation in sentence 3 of paragraph 29 purports to characterize the Plaintiff's "Petition for Rule-making (March 29, 2004)." Plaintiff's Petition for Rule-making speaks for itself and is the best evidence of its content, and no response is required. The allegation in sentence 4 of paragraph 29 purports to characterize the "Mexican Wolf Recovery: Three-Year Program Review and Assessment (June 2001)" (Three-Year Review) and Plaintiff's Petition for Rule-making. The Three-Year Review and Petition for Rule-making speak for themselves and are the best evidence of their contents, and no response is required.

30. The allegations in paragraph 30 purport to characterize the Plaintiff's "Petition for Rule-making (March 29, 2004)." Plaintiff's Petition for Rule-making speaks for itself and is the best evidence of its content, and no response is required.

31. The allegations in paragraph 31 purport to characterize the Plaintiff's "Petition for Rule-making (March 29, 2004)." Plaintiff's Petition for Rule-making speaks for itself and is the best evidence of its content, and no response is required.

32. The allegations in paragraph 32 constitute conclusions of law to which no response is required.

33. Defendants deny the allegation in sentence 1 of paragraph 33. Defendants admit the allegations in sentences 2 and 3 of paragraph 33.

34. The allegations in sentences 1 and 3 of paragraph 34 purport to characterize the "Mexican Wolf Blue Range Reintroduction Project (Dec. 31, 2005)" (Five-year Review). The Five-year review speaks for itself and is the best evidence of its content, and no response is required. Defendants deny any allegation contrary to the Five-year Review's plain meaning. Defendants lack sufficient information to admit or deny the allegations contained in sentence 2 of paragraph 34.

35. The allegation in sentence 1 of paragraph 35 purports to characterize a press release promulgated by the U.S. Fish and Wildlife Service on July 25, 2006. The press release speaks for itself and is the best evidence of its content, and no response is required. Defendants deny any allegation contrary to the press release's plain meaning. Regarding the allegations in sentence 2 of paragraph 35, Defendants admit that it has not issued new amendments to the 10(j) rule or publicly announced a schedule for proposing or adopting a new rule..

36. Defendants deny the allegation in paragraph 36.

37. Defendants deny the allegations in paragraph 37.

38. The allegation in sentence 1 of paragraph 38 purports to characterize reports promulgated by the U.S. Fish and Wildlife Service. Reports promulgated by the U.S. Fish and Wildlife Service speak for themselves and are the best evidence of their content, and no response is required. Defendants deny any allegation contrary to the reports' plain meaning. Defendants deny the allegation in sentence 2 of paragraph 38. Defendants deny the allegation in sentence 3 of paragraph 38. Defendants admit to the allegation in sentence 4 of paragraph 38. Defendants deny the allegation in sentence 5 of paragraph 38.

39. Defendants deny the allegations in paragraph 39.

40. Defendants deny the allegations in paragraph 40.

41-42.  Defendants deny the allegations in paragraphs 41 and 42.

## GENERAL DENIAL

Defendants deny each and every allegation set forth in paragraphs 1 through 42 unless specifically admitted above.

## PRAYER FOR RELIEF

Defendants deny that the Plaintiffs are entitled to any of the relief requested.

## AFFIRMATIVE DEFENSES

1. This Court lacks jurisdiction because Plaintiff's claim is moot.

        Respectfully submitted,

        MATTHEW J. McKEOWN
        Acting Assistant Attorney General

        LISA RUSSELL
        Assistant Section Chief

        /s Robert L. Gulley
        _____
        ROBERT L. GULLEY
        Senior Trial Attorney
        Wildlife & Marine Resources Section
        Benjamin Franklin Station, P.O. Box 7369
        Washington, DC 20044-7369
        (202) 305-0500 (ph)
        (202) 305-0275 (fx)
        robert.gulley@usdoj.gov

        *Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing will be e-filed on February 11, 2007, and will be automatically served upon counsel of record, all of whom appear to be subscribed to receive notice from the ECF system.

_s/ Robert Gulley_