UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil No. 06-2119 (RCL) |
| ) | |
| DIRK KEMPTHORNE, *et al.*, ) | |
| ) | |
| Defendants. ) | |
| ) | |
| ) | |

**DEFENDANTS'**
**OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL THE COMPLETE**
**ADMINISTRATIVE RECORD**

Federal Defendants, Secretary of the United States Department of the Interior, Dirk

Kempthorne, and Director of the United States Fish and Wildlife Service, H. Dale Hall,

(collectively "FWS" or "Service") submit this response in opposition to Plaintiff's Motion To

Compel The Complete Administrative Record ("Pl's Motion").

Plaintiff's Complaint alleges, pursuant to 5 U.S.C. § 706(1), that Defendants had

unreasonably delayed in granting or denying a rulemaking petition filed by Plaintiff. Compl. ¶

1; Pl's Motion at 1-2 ("This case concerns FWS's failure to make a final decision on Plaintiff's

March 29, 2007 [*sic*] Rulemaking Petition.").[1]  As required by this Court's scheduling order,

Dkt. 13, on June 26, 2007, Defendants filed the administrative record with respect to Plaintiff's

claim. Dkt. 16.  Plaintiff, however, is of the view that the record that Defendants filed does not

---

[1]    On March 29, 2004, Plaintiff submitted a petition requesting FWS to revise the
experimental population rule for the reintroduction of the Mexican gray wolf ("Mexican wolf")
into the wild in Arizona and New Mexico promulgated pursuant to § 10(j) of the Endangered
Species Act ("ESA") (the "10(j) Rule").

constitute the "whole record" for this case.  Specifically, Plaintiff asks the Court to order FWS to include in the administrative record: (1) documents pertaining to the status of Mexican wolves in the wild including the 1982 Mexican Wolf Recovery Plan and the 1996 Environmental Impact Statement for adoption of the 10(j) Rule; (2) records pertaining to FWS's management of wild Mexican wolves including the administrative records compiled for the agency's three- and five-year reviews of the reintroduction project; and (3) electronic communications and records of FWS staff during the agency's consideration of Plaintiff's rulemaking petition. Pl's Motion at 2.

Plaintiff wants to turn this case from what it is, an "unreasonable delay" case, into a case about the merits of its petition.  To achieve this objective, Plaintiff argues that FWS should have included virtually anything arguably relevant to the Mexican wolf in the administrative record. As set out below, Defendants produced the whole record for the only issue that will be before the Court - - why FWS has taken the time that it has to respond to Plaintiff's petition. FWS is entitled to a strong presumption that it properly designated the record that was before it for this case.  Plaintiff has offered little of consequence to rebut that presumption.  Accordingly, Plaintiff's Motion should be denied.

## BACKGROUND

Section 706(1) of the Administrative Procedure Act ("APA") allows a court reviewing agency action to "compel agency action unlawfully withheld or unreasonably delayed."  5 U.S.C. § 706(1).  Section 706 directs that review of agency action under § 706, including § 706(1), must be made on the "whole record or those parts of it cited by a party."  5 U.S.C. § 706.  Plaintiff agrees.  Pl's Motion at 3.

**1.      It Is FWS's Responsibility To Compile And Designate The Administrative Record That Was Before The Agency.**

It is FWS's responsibility to compile and designate the administrative record that was considered by the agency. *Fund for Animals v. Williams*, 245 F. Supp. 2d 49, 55, 56 (D.D.C. 2003), district court order accompanying the decision vacated as moot by 428 F.3d 1059 (D.C. Cir. 2005); *Amafac Resorts, LLC v. U.S. Dep't of Interior*, 143 F. Supp. 2d 7, 12 (D.D.C. 2001); Bar *MK Ranches v. Yuetter*, 994 F.2d 735, 740 (10th Cir. 1993). The agency is presumed to have properly designated the record "absent clear evidence to the contrary". *Fund for Animals v. Williams*, 245 F. Supp. 2d at 55 (*citing Bar MK Ranches*, 994 F.2d at 739-40; *Zeneca Inc. v. Shalala*, No. WMN-99-307, 1999 WL 728104, at \*3 (D.Md. Aug. 11, 1999) (same); *Pacific Shores Subdivision v. U.S. Army Corps of Eng'rs*, 448 F. Supp. 2d 1, 6 (D.D.C. 2006) ("Plaintiffs must put forth concrete evidence to show that the record was not properly designated.").

As a general rule, an administrative record supports a "final agency decision" and includes those documents that were directly or (indirectly) considered by the agency decisionmaker in making the decision under review. *Fund for Animals v. Williams*, 245 F. Supp. 2d at 57; *Pacific Shores Subdivision*, 448 F. Supp. 2d at 4 (the record "should not include materials that were not considered by agency decisionmakers."). In this case, however, the Court is examining an agency's actions *prior to a final agency decision* for the purposes of determining whether any delay has been "unreasonable." 5 U.S.C. § 706(1). Without a "final agency decision," there is no official statement of the agency's actions and relevant justifications. *See*, *e.g.*, *Independence Min. Co., Inc. v. Babbitt*, 105 F.3d 502, 511 (9th Cir. 1997).

## 2.    The Administrative Record In This Case

If the Court were to find that Plaintiff's case is not moot,[2] the only issue before the Court would be a very narrow one - - whether the amount of time that FWS took in responding to Plaintiff's petition was reasonable.   The United States Court of Appeals for the District of Columbia has adopted a six factor balancing test to guide the determination of whether an agency's delay in completing a required action warrants relief.  *Telecommunications Research and Action Ctr. v. FCC*, 750 F.2d 70, 80 (D.C. Cir. 1984) ("*TRAC*").  The six factors, the so-called "*TRAC* factors", include:

(1)     the time agencies take to make decisions must be governed by a "rule of reason";

(2)     where Congress has provided a timetable or other indication of the speed with which it expects the agency to proceed in the enabling statute, that statutory scheme may supply content for this rule of reason;

(3)     delays that might be reasonable in the sphere of economic regulation are less tolerable when human health and welfare are at stake;

(4)     the court should consider the effect of expediting delayed action on agency activities of a higher or competing priority;

(5)     the court should also take into account the nature and extent of the interests prejudiced by delay; and

(6)     the court need not "find any impropriety lurking behind agency lassitude in order to hold that agency action is 'unreasonably delayed'.

*In re United Mine Workers of Am. Int'l Union*, 190 F.3d 545, 549 (D.C. Cir. 1999).  Accordingly, neither the merits of Plaintiff's petition, nor the merits and implementation of the 10(j) Rule, nor the merits of the three- and five-year reviews, nor the merits of FWS's February 8 letter are before this Court.

---

[2]     On February 8, 2007, FWS responded to Plaintiff's petition and notified Plaintiff that FWS had already started the process to modify the 10(j) Rule.  On March 29, 2007, Defendants filed a Motion To Dismiss Plaintiff's case because FWS's  February 8, 2007 response mooted any claim of "unreasonable delay."  Dkt. 7.  Defendants' Motion to Dismiss is still pending before this Court.  Plaintiff uses its Motion to continue to argue its opposition to Defendants' Motion to Dismiss.  Pl's Motion at 6-7.  If Plaintiff persists in this inappropriate behavior, at a minimum, Defendants should be given an opportunity to file a surreply.

Plaintiff submitted its petition on March 29, 2004.  On June 30, 2004, FWS notified Plaintiff that FWS "is currently evaluating the need for modifying the rule, but no final determination has been made."  Letter from Larry Bell, Acting Regional Director, to Mr. Michael Robinson, dated June 30, 2004 (attached hereto as Ex.1).  FWS told Plaintiff that it would "notify you when a determination has been made and whenever action is taken on your petition."  *Id.*  At the time of receipt of Plaintiff's petition, FWS was evaluating the need to modify the 10(j) Rule through a five-year review process [3] required by that rule.  *See* 50 C.F.R. § 17.84(k)(13) (requiring FWS to conduct a full evaluation of the reintroduction program after three and five years and to recommend "continuation, modification, or termination of the reintroduction effort").  At the completion of that process, FWS notified Plaintiff of its decision on the petition on February 8, 2007 (Dkt.7, Morgart Decl., Ex. 1).

The core administrative record consists of documents that are: (1) directly related to Plaintiff's petition (*e.g.*, the petition, the letter of June 30, 2004, non-privileged internal communications regarding the petition, and the letter of February 8, 2007) and (2) the six-volume report on the five-year review that was ongoing during the pendency of Plaintiff's petition, Standard Operating Procedures for the reintroduction program while the petition was pending, and documents, created after completion of the five-year review, related to the recommendation to modify the 10(j) Rule.

The administrative record also contains, as general background, pre-petition documents

---

[3]      FWS conducted the five-year review in collaboration with the other members of the Mexican Wolf Adaptive Management Oversight Committee ("AMOC") which included Arizona Game and Fish Department, New Mexico Department of Game and Fish, the Forest Service and Wildlife Services of the United States Department of Agriculture, and other sovereigns.

that provide the predicate for the five-year[4] review and the process being followed during the pendency of the petition (*e.g.*, Federal Register notice regarding the issuance of the final 10(j) Rule and the reports comprising the three-year review report, including the Paquet report). These pre-petition documents were included to provide the Court with the requisite factual background and understanding of the regulatory framework -- not to explain, justify or defend the time taken by FWS to respond to Plaintiff's petition.

## ARGUMENT

Plaintiff claims that the documents it seeks to have the Court add to the administrative record were "undeniably before the agency." Pl's Motion at 2. Plaintiff offers little or no evidence to support this contention except to argue that, because the documents were FWS documents and relevant to the *TRAC* factors analysis, they must be "before" the agency when FWS considered its petition.

A strong presumption exists that FWS properly designated the record. *Fund for Animals v. Williams*, 245 F. Supp. 2d at 55-57. Plaintiff must present "clear evidence" that the documents it seeks to compel to be added to the administrative record were "before the agency" when FWS considered its petition. *Fund for Animals v. Williams*, 245 F. Supp. 2d at 55; *Zeneca Inc.*, 1999 WL 728104, at *3 ("The court assumes the agency properly designated the Administrative Record absent clear evidence to the contrary.") (citation omitted). The fact that these documents are agency documents that may be relevant to a *TRAC* factor does not come close to satisfying that burden. *Pacific Shores Subdivision v. United States Army Corps of Eng'rs*, 448 F. Supp. 2d at 6 ("Moreover, it is not enough for Pacific Shores to state that the documents were before the entire

-6-

Corps, but rather it must prove that the documents were before the Corps' decisionmaker(s).").

FWS is responsible for the protection of the Mexican wolf.  That responsibility involves the Service in many activities with respect to the wolf.  Simply because it was carrying out those activities during the pendency of Plaintiff's petition does not make every piece of paper FWS generated during that time part of the record in Plaintiff's "unreasonable delay" case.

On June 29, 2004, FWS told Plaintiff that it was not going to act on Plaintiff's petition until FWS completed the five-year review to determine whether modification of the 10(j) Rule was necessary.  *See* Ex. 1.  At that point, the agency shifted its consideration to the five-year review required by its regulations.  FWS produced the whole record documenting its consideration of the petition and the scope of the five-year review.  Plaintiff has failed to present any evidence that FWS improperly designated the record.  Accordingly, Plaintiff's motion should be denied.

> **1.     Documents That Shed Light On The Nature And Extent Of The Interests Prejudiced By The Alleged Delay**

Plaintiff argues that certain documents not in the record must be included there because they shed light on the "'nature and extent' of the interests 'prejudiced' by the delay."  Pl's Motion at 5.  Specifically, Plaintiff argues that information concerning the status of the Mexican wolf population and the agency's ongoing efforts to trap, remove from the wild, and kill individual members of the species must be included to allow Plaintiff to address these issues which it characterizes as "central to the Center's March 29, 2004 Petition."  *Id.*  According to Plaintiff, this information would include the 1982 Mexican Wolf Recovery Plan and the 1996 Environmental Impact Statement for adoption of the 10(j) Rule and the administrative records compiled for the agency's three- and five-year reviews of the reintroduction project.  Pl's Motion

at 2. All of these documents, except most of those associated with the five-year review, are pre-petition documents.

As an initial matter, the fact that the documents may be "central" to Plaintiff's petition is irrelevant. The merits of the petition are not at issue here. All that is at issue is whether the time FWS took to respond to Plaintiff's petition was reasonable.

Moreover, Plaintiff confuses what constitutes an administrative record with the universe of FWS documents that might be relevant to the *TRAC* factor analysis. Assuming for the sake of argument that the documents Plaintiff seeks to have added to the record are relevant to the *TRAC* factor analysis, they are not necessarily part of the administrative record. The scope of the administrative record is not determined by what might be useful for making a legal argument. Even if the documents Plaintiff wants to have added to the record may be relevant to the *TRAC* factor analysis, they are not properly part of the administrative record unless Plaintiff presents clear evidence that they were actually considered by the agency. The fact that they are FWS documents is not enough to carry that burden. *Pacific Shores Subdivision*, 448 F. Supp. 2d at 7 (the agency "is not obligated to include every potentially relevant document existing within its agency"); *Linemaster Switch Corp. v. EPA*, 938 F.2d 1299 (D.C. Cir. 1991) (a relevant document may not properly be included in the administrative record if it was not "before the agency" for the purposes of the decision under review).

Indeed, if Plaintiff's view of the scope of an administrative record were correct, the *TRAC* factor that Plaintiff seeks to invoke – "the nature and extent of the interests prejudiced by delay" – is so broad that it would provide virtually no limit on what should or should not be included in an administrative record. Indeed, to adopt a rule that required any document relevant to "the

interests prejudiced by delay" would require agencies to include any *relevant* material that a plaintiff deemed important to its case. That is not the rule, nor should it be. *See Pacific Shores*, 448 F.Supp. 2d at 5 (noting the importance of properly limiting the contents of an administrative record because interpreting the scope of the record "so broadly as to encompass any potentially relevant document . . . would render judicial review meaningless").

Further, Plaintiff has not shown that the hundreds of pages of documents already in the record are inadequate to allow effective judicial review of its unreasonable delay claim. *Commercial Drapery Contractors v. United States*, 133 F.3d 1, 7 (D.C.Cir. 1998) (if the record prevents effective judicial review, the presumption that the agency designated the whole record disappears); *Seattle Audubon Soc'y v. Lyons*, 871 F. Supp. 1291, 1308-09 (W.D. Wa. 1994) (adequacy of the record will be upheld so long as it is sufficient to show the decisionmaking process and to permit review under the APA). Plaintiff fails to explain why, if the documents it seeks to have added to the administrative record are "central" to its petition, the petition itself does not contain the information. Further, the record contains the six volumes of the five-year review. The five-year review addresses the status of the species, the need to continue the reintroduction program, and the removal/mortality of wolves.[5] One volume of that report contains

_____

[5]    Although the administrative record contains the voluminous report on the results of the five-year review, it does not contain the "administrative record" of that review. Nor should it - - the merits of that review are not at issue in this "unreasonable delay" claim. Moreover, there is no administrative record for that review as it does not constitute either an "agency action" under the APA, *see* 5 U.S.C. § 551(13) or a "final agency action," *see Nat'l Ass'n of Home Builders v. U.S. Army Corps of Eng'rs*, 417 F.3d 1272 (D.C. Cir. 2005) (to be final agency action the action must mark the consummation of the agency's decisionmaking process and must be one by which rights or obligations have been determined or from which legal consequences flow)(citing *Bennett v. Spear*, 520 U.S. 154, 177 (1997)). These facts are equally applicable to the administrative record for the pre-petition three-year review that Plaintiff also seeks to have added to the record.

over 250 pages responding to public comments. Likewise, the Standard Operating Procedure for

Control of Mexican Wolves is in the record. It explains that the process and criteria for

determining whether a nuisance or depredating wolf needs to be removed/killed during the

pendency of the petition.[9]  In short, the record is more than adequate to allow judicial review of

Plaintiff's "unreasonable delay" claim.

        2.        **Electronic Communications Or Records Of Meetings Of FWS Staff**

Plaintiff also seeks to have added to the record "electronic communications or records of

meetings of FWS staff during the agency's consideration of whether to act on the Center's

Rulemaking Petition." *See* Pl's Motion at 2. Assuming it means what it says, such a request

would sweep virtually every e-mail and meeting note prepared by an agency staff member from

March 29, 2004, through February 8, 2007. To the best of the agency's knowledge, the

administrative record contains all non-privileged communications and documents in its

possession relating to consideration of Plaintiff's petition. Plaintiff has made no showing that

such additional information was considered by the agency or even would be relevant to its

"unreasonable delay" claim. At best, such information might be relevant to the merits of its

petition or the five-year review or Plaintiff's petition - - issues that are not before the Court.

Moreover, staff communications and staff meeting notes are not routinely included in the

record. *See, e.g., Nat'l Wildlife Fed'n v. U.S. Army Corps of Eng'rs*, 384 F.3d 1163, 1174 (9th

Cir. 2004) (holding that e-mail communications and memos between staff at a federal agency do

---

[9]      Although it is a pre-petition document and supplanted by the more recent five-year
review, Plaintiff fails to explain why the Paquet report which Plaintiff heavily relied upon in its
petition and which is included in the record as background does not provide this same
information.

not represent the official view of the agencies and cannot be used as basis to invalidate final

agency decision); *San Luis Obispo Mothers for Peace v. Nuclear Regulatory Comm'n*, 751 F.2d

1287, 1324 (D.C. Cir. 1984) (denying plaintiffs' motion to supplement the record with transcripts

of agency meetings and holding that such materials are "not properly a part of the record of these

proceedings . . . ."); *Ohio Valley Envtl. Coalition v. Whitman*, No. 3:02-0059, 2003 WL 43377, at

*6 (S.D.W.Va. Jan. 6, 2003) (rejecting motion to supplement the record with "internal reports,

memoranda, and e-mails created by EPA staff for the use of other EPA staff"); *Seattle Audubon

Soc'y v. Lyons*, 871 F. Supp. at 1308-09 (personal files and notes are not required to be part of the

administrative record); *Nat'l Wildlife Fed'n v. Burford*, 677 F. Supp. 1445, 1457 (D. Mont. 1985)

(personal files and notes clearly go beyond the scope of the administrative record), *aff'd*, 871 F.2d

849 (9th Cir. 1989).

 Plaintiff provides as justification for its sweeping request merely an e-mail between FWS

regional staff regarding "a wolf that was shot on July 11, 2004." Pl's Motion at 5-6. That e-mail

traffic related to the Mexican wolf existed during the pendency of Plaintiff's petition is neither

surprising nor relevant to whether the documents were considered by the agency. FWS has a

broad range of responsibilities with respect to the Mexican wolf encompassing far more than the

reintroduction program. On June 29, 2004, FWS told Plaintiff that it was not going to act on

Plaintiff's petition until FWS completed the five-year review. *See* Ex. 1. At that point, FWS

shifted its consideration to the five-year review - - it, however, did not stop its other activities

with respect to the wolf.

 FWS produced the whole record documenting its consideration of the petition and the

scope of the five-year review. Plaintiff has failed to present any clear evidence that FWS

improperly designated the record.  Accordingly, Plaintiff's motion should be denied.

### 3.    Timing For Any Supplementation

Plaintiff asks the Court to order FWS to supplement the record prior to August 3, 2007, the date currently set for Plaintiff to file its summary judgment brief.  Pl's Motion at 3.  The volume of documents potentially within the scope of Plaintiff's motion is enormous.  FWS cannot search for, identify, copy, and Bates stamp these documents before August 3, 2007.  FWS estimates that it will require at the very least 60 days to complete such a task.  Plaintiff's urgency to proceed with briefing summary judgment is mitigated by the fact that, in the meantime, FWS is proceeding with the NEPA documentation to modify the 10(j) Rule.

Defendants currently have a motion before the Court asking the Court to stay the summary judgment briefing schedule until after the Court rules on Defendants' Motion to Dismiss.  Dkt. 19.  If the Court were to grant Plaintiff's request to have the record supplemented and deny Defendants' Motion to Stay, Defendants request that the briefing schedule be delayed at least until that supplementation has occurred.  Without such a stay, the need for additional briefing to give both sides an opportunity to address the new record cannot be avoided.

### CONCLUSION

Under Plaintiff's view, if it is a FWS document relevant to the Mexican wolf, it must be part of the record.  Such a broad view of the administrative record would do away with the notion of how a court is to review agency action.  *Fund for Animals*, 245 F. Supp. 2d at 57 n.7 ("[I]nterpreting the word 'before' [the agency] so broadly as to encompass any potentially relevant document existing within the agency or in the hands of a third party would render judicial review meaningless.").  Accordingly, Plaintiff's Motion To Compel The Complete

Administrative Record should be denied.

Respectfully submitted this 17th day of July, 2007.

RONALD J. TENPAS
Acting Assistant Attorney General

LISA RUSSELL
Assistant Section Chief

/s /Robert L. Gulley
_____
ROBERT L. GULLEY
Senior Trial Attorney
Wildlife & Marine Resources Section
Benjamin Franklin Station, P.O. Box 7369
Washington, DC 20044-7369
(202) 305-0500 (ph)
(202) 305-0275 (fx)
robert.gulley@usdoj.gov

***Attorneys for Defendant***

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing will be e-filed on July 17, 2007, and will be automatically served upon counsel of record, all of whom appear to be subscribed to receive notice from the ECF system.

/s/ Robert Gulley



# United States Department of the Interior

## FISH AND WILDLIFE SERVICE

In Reply Refer To:
R2/ES-TE
CL 6-41

P.O. Box 1306
Albuquerque, New Mexico 87103
http://ifw2es.fws.gov

JUN 3 0 2004

Mr. Michael Robinson
Center for Biological Diversity
P.O. Box 53166
Pinos Altos, New Mexico 88053

Dear Mr. Robinson:

This is to acknowledge receipt of your March 29, 2004, petition for rule-making, requesting the U.S. Fish and Wildlife Service (Service) promulgate regulations revising the experimental non-essential rule (rule) for the reintroduction of the Mexican gray wolf into the wild in Arizona and New Mexico. Specifically, your petition requests the Service modify the rule to: (1) allow direct releases of captive wolves into New Mexico; (2) allow wolves to establish territories outside the boundaries of Gila and Apache National Forests and; (3) define nuisance and problem wolves so as to exclude animals that scavenge livestock carcasses that died of non-wolf causes. The petition was filed pursuant to the Administrative Procedures Act (APA) and several articles and editorials that followed the petition suggested that the Service had 90 days for an initial response and 1 year to promulgate new regulations.

Under the APA, upon which the petition was filed, each Federal agency "shall give an interested person the right to petition for the issuance, amendment, or repeal of a rule." APA petitions are not subject to the strict deadlines mandated for petitions under the Endangered Species Act and; therefore, the previous conclusion that the Service must make a determination on your petition within a 90-day time frame is incorrect. In fact, no definitive time frame for response to a petition is required by the APA or the Department of the Interior. Instead, the APA simply states that petitions will be given prompt consideration and the petitioner will be notified promptly of the action taken.

As you are aware, the Service is currently evaluating the need for modifying the rule, but no final determination has been made at this time. In accordance with the APA, we will notify you when a determination has been made and whenever action is taken on your petition.

If you have any questions, please contact Bryan Arroyo, Assistant Regional Director of the Division of Ecological Services, at 505-248-6454.

Sincerely,

Acting Regional Director

cc: Assistant Wolf Coordinator, Ecological Services Field Office, Albuquerque, NM
    Recovery Coordinator, Region 2 (ES)