UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil No. 06-2119 (RCL) |
| | ) | |
| DIRK KEMPTHORNE, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

**DEFENDANTS' REPLY IN SUPPORT OF
MOTION TO STAY BRIEFING**

Defendants have had a Motion to Dismiss pending before the Court since May 8, 2007.

Dkt. 14.  In addition, on July 10, 2007, Plaintiff filed a motion to compel completion of the

administrative record.  Dkt. 17.  Defendants vigorously oppose that motion.  Regardless,

Plaintiff's motion, if granted in whole or in part, would require the United States Fish and

Wildlife Service ("FWS")  to spend a considerable amount of time and resources to locate,

identify, and copy a potentially enormous number of documents.  For these reasons, Defendants

asked the Court to stay briefing of cross-motions for summary judgment in this case until the

Court has ruled on the Motion to Dismiss.  Because Defendants seek to dismiss Plaintiff's case

on jurisdictional grounds, the requested stay would substantially conserve the parties' and this

Court's resources if the Motion to Dismiss is granted.

Plaintiff objects to the stay.  Plaintiff, however, raises only one argument that is even

superficially colorable.  That argument, however, lacks merit.  Plaintiff alleges that the Mexican

wolf "will certainly be prejudiced" if briefing of its "unreasonable stay" claim is delayed.

Plaintiff's Opposition To Defendants' Motion To Stay Briefing ("Pl's Opp.") at 5.   Putting aside the issue of whether this case is moot, what Plaintiff turns a blind eye to is that Defendants are in the process of modifying the 10(j) Rule which will consider, among other things, expanding the boundaries of the 10(j) recovery area, releasing Mexican wolves into the secondary recovery zone, and allowing Mexican wolves to establish territories outside of the Blue Range Wolf Recovery Area, and possible mechanisms to address carcass removal or disposal.  *See* Dkt. 14 at 2.  Indeed, very soon, FWS expects to announce in the Federal Register a schedule for public scoping meetings regarding this modification.  Thus, whether or not this case is stayed to allow for an orderly and efficient management of the case will not affect progress in the process for modifying the 10(j) Rule.

The remainder of Plaintiff's arguments are totally devoid of substance or merit.  Plaintiff argues that Defendants, by filing their motion to stay, somehow "reneged" on their commitment to respond to the motion to compel by July 17, 2007.  Pl's Opp. at 1.  This is ridiculous.  In fact, Defendants filed their opposition yesterday, just as they agreed to do.  Moreover, there is nothing contradictory in locking in a schedule for briefing a motion that Plaintiff was resolute in its determination to file and to seek expedited review and subsequently trying to avoid the potentially unnecessary waste of resources in proceeding with summary judgment briefing for a case in which there is a pending dispositive jurisdictional motion.  Defendants needed to ensure that Defendants had adequate time to respond to Plaintiff's Motion to Compel in the event that the Court had not ruled on its stay motion.

Plaintiff also argues that, by filing the motion to stay, Defendants went back on a process

that they had committed to in the Scheduling Order which this Court approved on May 2, 2007.[1]

Pl's Opp. at 4.  Plaintiff argues that Defendants agreed not to seek a stay of the briefing schedule

if the Court had not ruled on its Motion to Dismiss.  *Id.*  This argument is wrong at every level.

In addressing the requirement of LCvR 16.3(c)(6)[2], Defendants simply agreed with Plaintiff that

"if the case is not dismissed, it will be resolved by summary judgment motions."  *See* Dkt. 11 at

2, ¶ 6 (emphasis added).  It is preposterous to suggest that the phrase "if the case is not

dismissed" means "if the Court has not ruled on the Motion to Dismiss" as Plaintiff appears to

believe.  Moreover, on its face, nothing in the status report states or implies that, by agreeing to

this language in the joint status report, Defendants committed not to seek an extension or stay.

Certainly, if that was the intended result, Plaintiff would have insisted on a clear statement of

that agreement.

        Plaintiff does not dispute that resources would be wasted by briefing the merits of

summary judgment only to have the case dismissed on jurisdictional grounds.  It cannot.

Likewise, it is beyond dispute that even more inefficiency would result if Defendants were to

spend time searching for, identifying, copying, and filing the voluminous materials that Plaintiff

seeks to have added to the record for a case that is moot.  The process of modifying the 10(j) rule

is ongoing independent of the litigation.  Thus, Defendants ask the Court to stay the briefing of

---

[1]        Plaintiff states that unless "defendants intentionally withheld material from the
Administrative Record ... the mere fact that plaintiff has now moved to compel a more <u>complete</u>
Administrative Record should not alter the process the parties already agreed to for resolving
this case."  Pl's Opp. at 4.  Plaintiff has no basis to suggest that Defendants may have
"intentionally withheld material" from the administrative record.  Plaintiff is simply wrong in
substance and in its judgment that such a remark has any place even in zealous advocacy.

[2]        LCvR 16.3(c)(6) directs the parties to address whether "the case can be resolved by
summary judgment or motion to dismiss."

summary judgment until it rules on Defendants' pending Motion to Dismiss.[3/]

Respectfully submitted this 18th day of July, 2007.

RONALD J. TENPAS
Acting Assistant Attorney General

LISA RUSSELL
Assistant Section Chief

/s /Robert L. Gulley
_____
ROBERT L. GULLEY
Senior Trial Attorney
Wildlife & Marine Resources Section
Benjamin Franklin Station, P.O. Box 7369
Washington, DC 20044-7369
(202) 305-0500 (ph)
(202) 305-0275 (fx)
robert.gulley@usdoj.gov

***Attorneys for Defendant*s**

---

[3/]     While Plaintiff asked the Court to rule on its motion to compel in time for it to be able to file its summary judgment brief on August 3, 2007, it is unreasonable to expect FWS to be able to produce the documents implicated by Plaintiff's motion in that time frame.  Accordingly, in their opposition to Plaintiff's Motion, Defendants asked that, if the Court were to deny its Motion for Stay, it, at least, extend the briefing schedule to allow Defendants adequate time to file an amended record.  Dkt. 22 at 12.

-4-

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing will be e-filed on July 18, 2007, and will be automatically served upon counsel of record, all of whom appear to be subscribed to receive notice from the ECF system.

_/s/ Robert Gulley_____